IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

```
CHARLES E. ANDERSON, Trustee, )
et al.,                       )
                              )
            Plaintiffs,       )   Case No. 11 C 3474
                              )   Magistrate Judge Arlander Keys
      v.                      )
                              )
SAVAGE DECORATING, INC.,      )
et al.,                       )
                              )
            Defendants.       )
```

**MEMORANDUM OPINION AND ORDER**

In this case, the Painters' District Council No. 30 Pension Fund; the Painters' District Council No. 30 Health and Welfare Fund; the Painters' and Allied Trades District Council No. 30 Joint Apprenticeship and Training Fund; the Northern Illinois Painting and Drywall Institute; the Painters' District Council No. 30, International Union of Painters and Allied Trades, AFL-CIO; Charles E. Anderson (fiduciary and Trustee of the ERISA Funds); and Rick Vandegraft (fiduciary and Trustee of the NIPDI)(hereinafter, "plaintiffs"), sued Savage Decorating under the Employee Retirement Income Security Act of 1974 ("ERISA") to recover unpaid and delinquent contributions and dues. The plaintiffs filed a three-count complaint: count 1 sought damages from Savage under certain Collective Bargaining Agreements and Trust Agreements for unpaid contributions, dues and assessments; count 2 sought to hold Savage's president, Walter Glowicki,

personally liable for those same contributions, dues and assessments; and count 3 sought damages based upon a Promissory Note executed by Mr. Glowicki in 2010.

On March 22, 2013, the Court issued a memorandum opinion and order granting summary judgment in favor of the plaintiffs on counts 1 and 2, but denying summary judgment as to count 3. The Court determined that "Savage is liable to the plaintiffs for unpaid contributions, dues and assessments totaling $20,380.65, plus interest on that amount calculated at the rate of 1.5% per month, and liquidated damages as provided in the Agreements." Memorandum Opinion and Order dated March 22, 2013, p. 21 [Docket #57]. The Court determined that Savage is "also liable, under the CBA and the Trust Agreements, for reasonable attorneys' fees and costs incurred in pursuing these delinquent contributions," and that "Mr. Glowicki is personally liable for Savage's unpaid contributions as well." *Id.*, pp. 21-22.

The Funds later dismissed count 3, and subsequently filed a motion concerning the amount of damages and, more specifically, their entitlement to double interest. In their motion, the plaintiffs ask the Court to enter judgment in the amount of $63,792.99. This amount consists of $20,380.65 in delinquent contributions, dues and assessments; $21,706.17 in interest on those contributions, calculated at the rate of 1.5% per month, and $21,706.17 in additional interest pursuant to 29 U.S.C.

2

§1132(g). The plaintiffs also seek judgment in their favor against Mr. Glowicki, jointly and severally with Savage for the delinquent contributions. They also seek attorneys' fees and costs.

The Court's earlier decision makes clear that the plaintiffs are entitled to all of these. And, indeed, Savage does not deny that the plaintiffs are entitled to all of the damages set forth above. Nor does it dispute the plaintiffs' interest calculation. But Savage asks the Court to deny the request for double interest on fairness grounds. Savage argues that, despite what the agreements say, the Court should award liquidated damages in the amount of $3,622.90, not in the greater amount of $21,706.17. The lesser amount is appropriate, Savage argues, given that the company has gone under and Mr. Glowicki is on the brink of bankruptcy. Under the circumstances, Savage argues, awarding the higher amount would be unconscionable.

ERISA provides that,

> [i]n any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title [delinquent contributions] in which a judgment in favor of the plan is awarded, the court ***shall*** award the plan –
> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of–
>     (i) interest on the unpaid contributions, or
>     (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
> (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. §1132(g)(emphasis added). "The Seventh Circuit has made clear that the payment of liquidated damages is a mandatory rather than a discretionary determination on the part of the court." *Central States, Southeast and Southwest Areas Pension Fund v. Allied Systems, Ltd.*, 795 F.Supp.2d 740, 744 (N.D. Ill. 2011)(citing *Central States, Southeast and Southwest Areas Pension Fund v. Slotky*, 956 F.2d 1369, 1377 (7th Cir. 1992); *Laborers' Pension Fund v. RES Environmental Services, Inc.*, 377 F.3d 735, 739 (7th Cir. 2004)). In *Slotky*, the court held that interest, liquidated damages, and attorneys' fees "are mandatory add-ons in (successful) suits to enforce section 1145." 956 F.2d at 1377 (citing *Central States, Southeast & Southwest Areas Pension Fund v. Gerber Truck Service, Inc.*, 870 F.2d 1148, 1156 (7th Cir. 1989)(en banc)). Thus, the liquidated damages sought by plaintiffs, in accordance with the terms of the Trust Agreements, are mandatory. Savage's request to award a lower amount, in contradiction of the statute, is denied.

Savage argues that, given its dire financial situation, the Court should award the lesser option under the liquidated damages section; it argues that the higher award is appropriate only where the defendant acts in bad faith. First, that is contrary to the law. And, second, that position is not entirely supported

by the record before the Court. Though Savage may not have acted to harass the plaintiffs, its failure to pay contributions was hardly done in good faith. Savage knew it owed the money; it simply didn't pay it – whether because it didn't have the money or because it prioritized other creditors over the funds. The fact that it had financial problems doesn't make its failure to pay reasonable.

## Conclusion

For the reasons set forth above, the Court finds that, in addition to the $20,380.65 in unpaid contributions, dues and assessments, the plaintiffs are entitled to an award of double interest – that is, they are entitled to recover interest on the unpaid or delinquent contributions, plus that amount again under the liquidated damages provision of 29 U.S.C. §1132(g). They are entitled to $21,706.17 in interest, plus $21,706.17 in liquidated damages. Savage and Mr. Glowicki are jointly and severally liable to the extent of the delinquent contributions. The plaintiffs are also entitled to reasonable attorneys' fees and costs, the specific amount of which shall be determined at a later date.

Date: June 26, 2013

E N T E R E D:

_____
MAGISTRATE JUDGE ARLANDER KEYS
UNITED STATES DISTRICT COURT