# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Charles E. Anderson, Trustee, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> Savage Decorating, Inc., an Illinois corporation; Walter Glowicki, an individual; and Robert Allen, an individual, <br><br> Defendants. | Case No. 11-cv-3474 <br> Magistrate Judge Keys |

## MOTION FOR ENTRY OF JUDGMENT

Plaintiffs respectfully move this Court for entry of judgment in favor of Plaintiffs and against Defendants consistent with the Court's Memorandum Opinion and Order dated June 26, 2013, stating the following in support:

1. This is an action pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, as amended, and Section 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(3), to collect delinquent employee benefit fund contributions and union dues.

2. In a memorandum opinion and order entered March 22, 2013, this Court granted in part and denied in part Plaintiffs' Motion for Summary Judgment; in a subsequent memorandum opinion and order entered June 26, 2013, the Court found that Defendants Savage Painting and Decorating, Inc. and Walter Glowicki were jointly and severally liable to Plaintiffs in the amount of $20,380.65, representing delinquent contributions to the Plaintiff Benefit Funds, and that Defendant Savage Painting was liable to Plaintiffs in the additional amounts of $21,706.17 in interest, plus $21,706.17 in liquidated damages, plus Plaintiffs' attorneys' fees and costs. (Doc. nos. 57, 66.)

3. On July 26, 2013, Defendants filed a motion seeking relief from the Court's June 26, 2013, memorandum opinion and order. Defendants never noticed the motion for hearing, and it has not been decided by the Court. (Doc. 67.)

4. The court has never formally entered judgment in this case, preventing execution on the judgment by Plaintiffs, and delaying the triggering of Plaintiffs' motion for attorneys' fees pursuant to LR 54.3. (Docket report, attached as Exh. 1.)

5. Defendants' motion for relief should be denied as moot, because it seeks what the Court's July 26, 2013, memorandum opinion and order already provides: that interest, liquidated damages, and attorneys' fees are assessed only against the corporate defendant, and not against Glowicki personally; Glowicki is jointly and severally liable with the corporation only to the extent of contributions (and, presumably, costs). (Doc. 67 at 5.)

Plaintiffs therefore respectfully request that this Court enter judgment in Plaintiffs' favor and against Defendants consistent with its July 26, 2013, order, and to set the date for the Plaintiffs' submission of their motion for attorneys' fees within ninety-one days thereafter, pursuant to LR54.3(b). A proposed judgment order will be submitted electronically to the Court's proposed order inbox and simultaneously emailed to opposing counsel.

                                                            Respectfully submitted,

                                                            /s/ David Huffman-Gottschling
                                                           One of Plaintiffs' attorneys

David Huffman-Gottschling
ARDC No. 6269976
Jacobs, Burns, Orlove and Hernandez
150 N. Michigan Ave., Ste. 1000
Chicago, Illinois 60601
(312) 372-1646

## CERTIFICATE OF SERVICE

    I, David Huffman-Gottschling, an attorney, certify that I caused a copy of the foregoing document to be served electronically upon the persons indicated below by filing it using the ECF system on November 19, 2013:

>James Karamanis
>Barney & Karamanis, LLP
>Two Prudential Plz.
>180 N. Stetson, Ste. 3050
>Chicago, IL 60601

                                       /s/ David Huffman-Gottschling
                                            David Huffman-Gottschling